# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **JANET JAMISON,** | |
| **Plaintiff,** | **REPORT AND RECOMMENDATION** |
| **vs.** | **Case No.  2:06cv514** |
| **SMITH'S FOOD AND DRUG CENTERS, INC., JENNIFER BUTTRICK, JEFF SHORT, and ZANE DAY,** | **Judge Tena Campbell** |
| | **Magistrate Paul M. Warner** |
| **Defendants.** | |

This matter is before Magistrate Judge Paul M. Warner from a referral by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Plaintiff Janet Jamison's ("Plaintiff") two Motions for Official Service of Process [docket nos. 5 and 9].  The court previously granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915 [docket no. 2].

Under the in forma pauperis statute, a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(I).  The United States Supreme Court has construed the meaning of "frivolous" within the context of the in forma pauperis statute, holding specifically that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in either law or fact." *Neizke v. Williams*, 490 U.S. 319, 325 (1989).  The in forma

pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.  Examples of baseless factual contentions are those which describe "fantastic or delusional scenarios." *Id.* at 328.

The court finds that Plaintiff's complaint falls squarely within this class.  In her complaint, Plaintiff alleges that she was "attached to a communications system without her consent" eighteen years ago while she was working for Allstate Insurance Company in Northbrook, Illinois.  This "communications system" purportedly allows individuals who are given access to it complete control over Plaintiff's thoughts, actions, behavior, and bodily functions.  Plaintiff contends that a vast number of individuals have access to and control over Plaintiff through this "communications system," including "late, great and distant relatives, individuals from [Plaintiff's] past and personal past, the friends, relatives and personal associations of individuals from [her] past and personal past, individuals from environments [Plaintiff] frequent[s], think[s] of frequenting or is associated with in any capacity, and the friends, relatives and personal associations of those individuals."  Plaintiff contends that she is unable to obtain "physical evidence to prove the existence of this [communications] system while [she is] held on this system."

Plaintiff filed the instant action against Defendant Smith's Food and Drug Centers, Inc. ("Smith's") and Defendants Jennifer Buttrick, Jeff Short, and Zane Day (collectively

"Defendants")[1] alleging employment discrimination on the basis of race, disability, and sexual harassment. Plaintiff asserts that during her twenty-seven days of employment at Smith's she was verbally and sexually harassed on a continual basis by other employees, management, and customers.

Plaintiff further contends that because of the stress and anxiety she suffers as a result of being involuntarily held on this "communications system," she cannot recall certain details of the harassment she experienced at Smith's. In fact, Plaintiff states that while the degradation occurred on a daily basis, she can only recall two incidents clearly. Plaintiff alleges that on two separate occasions the employees in the bakery department "contaminated a plain bagel and glazed donut[] samples with human waste for purposes of [Plaintiff] ingesting it." Plaintiff contends that "the people" controlling her on the "communications system" forced her to consume the contaminated samples.

The court finds that the facts alleged in Plaintiff's complaint are of the type the in forma pauperis statute was aimed at because they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). While the court construes Plaintiff's complaint liberally because she is proceeding pro se, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), "[t]he broad reading of [Plaintiff's] complaint does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is obvious that Plaintiff is suffering

---

[1]The individual Defendants are all supervisory employees of Smith's.

from some type of psychological delusions, and the court is sympathetic to Plaintiff's unfortunate circumstances. The court, however, "shall dismiss the case at any time if [it] determines that" Plaintiff's complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, IT IS HEREBY RECOMMENDED to the District Judge that Plaintiff's complaint be DISMISSED pursuant to the in forma pauperis statute.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

Dated this 2nd day of October, 2006.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge